# O'DWYER *v.* NORTHERN MARKET COMPANY.*

MARKETS; NUISANCE; TRIAL; MUNICIPAL CORPORATIONS; INSTRUCTIONS TO JURY; REVERSIBLE ERROR; NOTICE.

1. Special instructions in a personal injury case against a market company and the municipality, granted on behalf of the plaintiff, presenting the case to the jury on the theory that the market company was liable for maintaining a nuisance, and the municipality for negligently suffering such nuisance to continue, are inconsistent with special instructions granted at the request of the market company, to the effect that the plaintiff could only recover upon the theory of negligence on the part of both defendants.

2. If a market company permits the unlawful occupation of a sidewalk adjoining its market, it is guilty of maintaining a public nuisance, and is liable for any special damages resulting therefrom, regardless of the question of negligence. (Following *O'Dwyer* v. *Northern Market Co.* 24 App. D. C. 81.)

3. In the absence of any evidence showing negligence on the part of the plaintiff in a suit for personal injuries, it is error for the trial court to grant instructions for the defendant leaving the question of the alleged contributory negligence of the plaintiff to the jury.

4. An assignment of error to the effect that it was error for the trial court to submit a certain question to the jury is without merit when special instructions asked by the appellant and granted submitted the same question to the jury.

5. The granting of a special instruction which is too technical and apt to mislead the jury is not reversible error, if the court in its charge correctly instruct the jury on the subject, and removes any ambiguity.

---

*Sidewalks.*—As to obstruction of street or sidewalk for business, market, or building purposes, see notes to *Flynn* v. *Taylor*, 14 L.R.A. 556, and *Raymond* v. *Kiseberg*, 19 L.R.A. 643.

As to liability of municipal corporation for obstruction of street or highway, see note to *Atchison, T. & S. F. R. Co.* v. *Armstrong*, 1 L.R.A. (N.S.) 127.

6. Where it appears that a market company has for many years rented to hucksters the privilege of using a sidewalk adjoining its market; that police officers have driven away hucksters who would not pay for such privilege; and such occupation of the sidewalk is unlawful,—in a suit by a pedestrian against the market company and the municipality for injuries resulting from her slipping on refuse matter on the sidewalk, the jury should be instructed that the municipality had notice of such *unlawful occupation, and is guilty of negligence in not suppressing* the nuisance, and equally responsible with the market company; and it is unnecessary for the plaintiff to show that the municipality had knowledge of the particular vegetable or other matter which is alleged to have caused the accident.

7. An assignment of error based upon the refusal of the trial court to permit plaintiff to prove, by stenographic notes taken by a witness, certain admissions made at a former trial of the same case, of W., "president and treasurer" of the defendant company, "whom the plaintiff had then put on the stand," is not well founded, as it involves the assumption that W. is the president and treasurer of the company; and especially will such an assignment not be held to be good where it appears that W. was in court and was put on the stand as a witness for the appellant, and examined as to his former testimony.

8. In a suit by a pedestrian who was injured by slipping upon refuse matter on a sidewalk used for market purposes by a market company, it is not error for the trial court to permit the defendants, the market company and the municipality, to introduce evidence to show the general good condition of the sidewalk prior to the accident, to meet evidence introduced by the plaintiff tending to prove the existence of a nuisance, and showing that the sidewalk had been in bad condition for many years on account of similar refuse matter.

No. 1715.   Submitted March 11, 1907.   Decided January 8, 1908.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on the verdict of a jury, in an action to recover damages for personal injuries.                                *Reversed.*

The facts are stated in the opinion.

*Mr. Charles H. Merillat* and *Mr. Charles F. Carusi* for the appellant.

*Mr. Arthur Peter* and *Mr. M. J. Colbert* for the appellee the Northern Market Company.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. Henry P. Blair,* Assistant, for the appellee the District of Columbia.

Mr. Justice Robb delivered the opinion of the Court:

This is an appeal from a judgment of the supreme court of the District on a verdict of a jury in favor of the defendants, the Northern Market Company, and the District of Columbia, the appellees here. The suit was brought by Jane O'Dwyer to recover damages for personal injuries alleged to have been sustained by slipping and falling on green vegetable or other refuse matter on the sidewalk on 7th street between O and P streets, N. W., which was thereon, as she contends, as the natural result of the improper and illegal use made of the sidewalk by the market company with the knowledge of the District.

The case was tried once before. At the former trial the defendants severally moved for a verdict at the close of the plaintiff's evidence, on the ground that no cause of action had been made out against either of them. The motion was allowed, and a verdict and judgment in accordance therewith followed. The case was then brought to this court, the result being the reversal of the judgment and the granting of a new trial. *O'Dwyer* v. *Northern Market Co.* 24 App. D. C. 81.

The facts, as developed during the second trial, are briefly these: The market company is a private corporation, and for many years has owned a market building on 7th street between O and P streets, N. W., and has there conducted a market. In addition to the market building it owns all the adjacent property on that side of the street, between O and P streets, with the exception of two pieces. Included in its property there situated is a store, in front of which the accident occurred, and which prior to and at the time of this accident, was leased by a Mrs. Cohen. The lease from the market company to Mrs.

Cohen contained the following provision: "It is understood and agreed that country traders and teams will be allowed to occupy the space in front of said store to the curb for displaying and selling goods, and that the clerk of the market will be allowed to collect for same, and shall see that the space is cleaned up after the persons and teams have left." The plaintiff's evidence tended to show that the market company exercised control over all the sidewalk on 7th street between O and P streets, except that opposite the two pieces of property it did not own, and permitted country dealers and hucksters *who paid for the privilege* to occupy several feet of said sidewalk next the curb with the stands, barrels, and trays from which they sold green vegetables and fruits. The refuse from the vegetables and fruits there sold by these hucksters was thrown upon the open or unoccupied part of the sidewalk, and permitted to remain there until the close of the market day. The condition of the walk by reason of such occupancy had been bad for years, but its condition was worse the summer of the accident. On the day of the accident the walk opposite the store occupied by Mrs. Cohen was strewn with vegetables, tomatoes, and other refuse, and the attention of the market company had been specifically directed thereto about an hour prior to the accident.

The market master was called by the defendants, and admitted that he collected 15 cents from each huckster on Saturdays, and 10 cents on other days, but claimed the charge was made for storing their stands on a vacant lot of the company. He then said, however, that, "as he understood the law, for many years it gave the market master the right to the whole sidewalk and 15 feet of the street." On cross-examination he admitted that the owner of one of the two pieces of property not controlled by said company "had let some persons occupy the sidewalk in front of his store, but would not let witness collect from them, and witness *complained to the police, and the police stopped the persons from standing there.*"

At the close of the testimony the plaintiff offered the following instructions, which were granted without objection:

"Prayer I. The jury are instructed that if you find there

was litter or refuse matter on the sidewalk at the place of the accident, and that the littering of the sidewalk was the ordinary and usual result of the marketing business carried on there, and that the market company was a party in this conducting of the marketing business on the sidewalk, that it was its duty to keep the sidewalk clean and safely passable at all times from obstruction with vegetable, fruit, or refuse matter; and if you find it failed in this duty, and that the plaintiff was thereby injured, then the market company must respond to the plaintiff in damages for her injuries. You are instructed that the market company could not restrict its diligence in keeping the sidewalk clean and free of vegetable or other matters to times after the market had closed, but must keep the same clean and safely passable at all times. You are further instructed that the cellar door in front of the market company's stores is part of the sidewalk.

"Prayer II. The jury are instructed that the use of the public sidewalk on 7th street for market purposes was illegal and constituted a nuisance; and if you find that the market company was a party to the use made of the public sidewalk, and that the plaintiff, as a result of use of the public sidewalk for market purposes, was injured thereby, the market company is liable to the plaintiff in damages. In determining whether the market company was a party to the use made of the sidewalk for market purposes, you may take into consideration all the evidence in the case, including the lease in evidence, the collection of money from market people, the cleaning of the sidewalk and streets after market hours, the use of the market property as a place for stands and boxes for hucksters and country people, and any and all other evidence in the case bearing upon this question.

Prayer III. The jury are also instructed if they find that the District of Columbia, with knowledge thereof, permitted the use of the sidewalk on 7th street for market purposes, and knew, or in the exercise of ordinary care and prudence should have known, that such use of the public sidewalk was calculated to cause the sidewalk to have refuse matter thereon and to become

in an unsafe condition for pedestrians, and that this use of the sidewalk for market purposes caused the injury, that then the District of Columbia also is liable to the plaintiff in damages.

"Prayer IV. The jury are instructed that if they shall find that the plaintiff was injured as a result of the slippery and unsafe condition of the sidewalk at the place of the accident, if you find that said place was slippery and unsafe, and that this condition was the result of the occupation of the sidewalk by venders of produce of whom the market company collected money and to sell produce on the sidewalk in front of the market company's stores, that the said market company were liable to the plaintiff for damages.

"Prayer V. The jury are instructed that it is the duty of the District of Columbia to keep the sidewalks of the street in a reasonably safe and unobstructed condition, and if they shall find that the said sidewalk at the time of the accident was slippery and unsafe, the District of Columbia is liable to the plaintiff, provided it had reasonable notice of such condition, and that this condition caused the injury.

"Prayer VI. The jury are instructed that notice by the District of Columbia of the condition of the sidewalk on market days may be presumed from the existence of such condition for the time sufficiently long to have enabled the District through its employees, in the exercise of ordinary diligence, to become aware of the same."

Thereupon the following instructions were granted the market company over the objections and exceptions of the plaintiff:

"Prayer IV. The jury are instructed that the plaintiff in this action can only recover against the market company upon the theory that said company were guilty of some negligence; and the burden is upon the plaintiff to show, by a preponderance of the evidence, that said company were guilty of such negligence.

"Prayer V. It was the duty of the plaintiff, in walking along the street in front of the market company's premises, to use due and reasonable care for her own safety; and if the jury find

from all the evidence that the accident complained of was caused in whole or in part by inattention or negligence on the part of the plaintiff herself, such as a reasonably prudent person would not be guilty of, then the verdict should be for the defendants.

"Prayer VI. If the jury finds from the evidence that the defendant the Northern Market Company, its agents, servants, or licensees, were conducting or maintaining a market or place of business on the sidewalk where the plaintiff fell, yet their verdict must be for said defendant, unless they find that said defendant did not on the day of the accident exercise reasonable diligence under all the circumstances given in evidence to keep said sidewalk where the plaintiff fell in a reasonably safe condition, and that the accident to the plaintiff was caused thereby.

"Prayer VIII. The jury are instructed that their verdict must be for the defendant the Northern Market Company, unless they find that the said defendant, its agents, servants, or licensees, were conducting or maintaining a market or place of business on the sidewalk or street where the plaintiff fell."

Exception was also noted by plaintiff to the granting of the following prayers at the request of the District of Columbia:

"IV. The jury are instructed that there is no evidence in this case of actual knowledge by the defendant the District of Columbia, of either the alleged filthy condition of the sidewalk at the place of the accident, or of the existence and location at that point of the alleged green vegetable matter on which it is alleged the plaintiff slipped and fell.

"V. The jury are instructed that the defendant the District of Columbia is not liable in this case, unless they shall find the green vegetable matter on which the plaintiff says she slipped, if they find she did so slip, had been so long on the sidewalk that said defendant in the exercise of reasonable care and caution should have obtained knowledge of the same. And in this connection the jury are instructed that the law does not require impossibilities of any person, either natural or artificial, and the presence of green vegetable matter on the sidewalk at the point indicated in the evidence does not, of itself,

impute notice to the defendant the District of Columbia, unless such alleged condition of the sidewalk had so long continued as to afford constructive notice to said defendant.

"VI. The jury are instructed that it was the duty of the defendant District of Columbia, although it permitted the occupation of a part of the sidewalk by the defendant market company, to keep the remainder of said sidewalk in reasonably safe condition for the use of pedestrians; and for obstruction on said sidewalk, not caused by itself or its agents or employees, said defendant District of Columbia is not liable unless it had notice of the obstruction, or unless the obstruction had lasted so long and under such circumstances that, with due diligence, it should have known of its existence."

We think the point well taken that these two sets of instructions cannot stand together. In the instructions granted the plaintiff the case was presented to the jury on the theory that the market company had been responsible for a nuisance, and that the District of Columbia had negligently suffered such nuisance to continue. In the instructions granted the market company the jury were told that the plaintiff could *only* recover upon the theory of negligence on the part of both defendants. When the case was here before, Mr. Justice Morris, in discussing the responsibility of the market company, said: "It matters not, therefore, that the market company may have been without lawful authority to establish a market in the street, as it did do in this case. If the establishment was in fact by the company, it is liable for all the consequences that might reasonably have been expected to result from its action. No one has a right unduly to obstruct the highway, but if he does in fact so obstruct it, there can be no reasonable doubt that he is liable for injury resulting from the obstruction." [24 App. D. C. 89].

If the market company was responsible for the unlawful occupation of the street it was guilty of maintaining a public nuisance, and liable for any special damages naturally resulting from that nuisance, regardless of the question of negligence. Having occupied a part of the sidewalk with vegetable venders,

it was prima facie liable for injuries occasioned by the refuse
which those venders, in the course of their business, in the
course of their unlawful occupation of the walk, permitted to
litter such walk. The first and second prayers granted the
plaintiff contain a fair statement of the rule.

Appellant objects specifically to prayers V. and VI. granted
the market company on the ground that the record contains no
evidence that the plaintiff was negligent. We have carefully
searched the record, and fail to find any evidence to support
the charge. On the contrary, the record discloses that the street
was crowded the morning of the accident, and a lady, who was
near the plaintiff when she fell, testified that plaintiff "was
walking along steadily" at the time. The plaintiff was not a.
trespasser, and we think that, in the absence of *any* evidence
of negligence, the jury should not be permitted to indulge in.
conjecture on the subject.

Appellant also contends that under the evidence it was error
to submit to the jury the question whether or not the market
company was conducting or maintaining a market or place of
business on the sidewalk. This assignment is without merit,.
because in the prayers requested by and granted plaintiff this
question was submitted to the jury. The prayer granted the
market company on this point was too technical and too liable
to mislead the jury, but the court, later on, removed the ambi-
guity by instructing the jury that, if they should find that the
hucksters "were there under the license and authority of the
market company, paying the market company for the privi-
lege of being there, and thereby using the sidewalk under the
authority of the market company, then the market company
would be responsible in damages," provided the jury should
further find that the refuse material left upon the street "was.
the direct cause of the accident."

It is next urged that the court erred in instructing the jury
that there was no evidence of actual knowledge on the part of
the District of Columbia of the alleged condition of the side-
walk at the place of the accident. Mr. Justice Morris said this
of the liability of the District: "If it [the District] did not

establish a market, but suffered one to be carried on in the street in violation of law and the rights of the public, the occupation of the street by the market dealers was a nuisance which it was its duty to abate, and for which, if anyone was injured thereby, it was liable to be held for damages." See also *Mischke* v. *Seattle,* 26 Wash. 616, 67 Pac. 357.

The defendants introduced four police officers, including a police captain, who testified that the market was one of the most important sections of their precinct; that the sidewalk was kept clean and in good condition; that "the market people would clean the street as soon as the market closed, and would sweep up anything if they called the market master's attention to anything." These police officers, however, did not attempt to deny the unlawful occupation of the sidewalk by the hucksters. In view of this evidence of the representatives of the District, and in view of the evidence that the police officers of the District had driven away hucksters who would not pay the market company for the privilege of using the sidewalk, and in view of the further fact that the unlawful occupation by hucksters had continued for such a long period of time, we think the jury should have been instructed that the District did have notice of such unlawful occupation, and that, as matter of law, it was guilty of negligence in not suppressing the nuisance, and therefore equally responsible with the market company.

Nor was it necessary for the plaintiff to show that the District had knowledge of the particular vegetable or other matter which it was alleged caused the accident. If the jury had determined in the affirmative the question whether the sidewalk had been unlawfully occupied by or under the license of the market company with the knowledge of the District, it would have then been necessary only to determine whether the vegetable or refuse matter causing the accident was the natural outcome and result of the particular nuisance maintained by or under the market company with the knowledge and acquiescence of the District.

The assignment of error based upon the refusal of the court to permit plaintiff to prove "by the stenographic notes taken by

witness certain admissions made at the former trial by Jesse B. Wilson, president and treasurer of the market company, whom plaintiff had then put upon the stand," is not well founded. The court could not *assume* that Mr. Wilson was the president and treasurer of the market company, but, aside from that, Mr. Wilson was present in court, and was immediately called by the plaintiff as a witness, and carefully questioned as to his former testimony. The plaintiff therefore lost nothing by this ruling.

The remaining assignments of error necessary to be noticed are not well founded. They involve the question whether it was error for the court to permit the defendants to introduce testimony tending to show the general condition of the sidewalk for a period prior to the accident. The plaintiff having introduced testimony tending to prove the existence of a nuisance; that the sidewalk had been in bad condition for ten years on account of similar vegetable and refuse matter; that it had been "decidedly worse the summer of 1901," the year of the accident; and that no attempt had ever been made to keep the sidewalk clean during market hours,—it is apparent that it was proper to permit the defendants to meet that testimony. The injury suffered by the plaintiff was not directly caused, according to her own statement, by the illegal obstruction in the sidewalk. She did not contend that she fell over the vegetable and fruit stands. She did contend, however, that she slipped on something upon the unoccupied or open part of the sidewalk, that was thereon as the result of the nuisance maintained by the market company, and not something carelessly thrown thereon by some passerby. She therefore introduced evidence of the prior condition of the walk. While the evidence introduced by the defendants was somewhat general and indefinite, it was, we think, admissible. It was the function of the jury to determine the weight that should be given it.

The judgment must be reversed, with costs; and the cause will be remanded with directions to set aside the verdict and judgment and to award a new trial. And it is so ordered.

*Reversed.*